


RECEIVED
IN LAKE CHARLES, LA

FEB - 9 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20098 |
| VS. | : | JUDGE MINALDI |
| DAVID O. WILLIAMS | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently Before the court is the defendant's Motion for a New Trial or Judgment of Acquittal [doc. 369]. This motion has been opposed by the Government [doc. 374].

After a three day jury trial, David O. Williams was convicted of conspiracy to possess with intent to distribute over 500 grams of methamphetamine. The defendant argues that the jury verdict should be set aside based upon insufficient evidence.

To prove the offense of a conspiracy to distribute a controlled substance, the government must establish (1) the existence of an agreement between two or more persons to violate narcotics laws, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's voluntary participation in the conspiracy.[1] "Direct evidence is not required; each element may be inferred from circumstantial evidence."[2] The defendant's knowledge of and participation in the conspiracy may

---

[1]  U.S. v. *Arnold,* 416 F.3d 349, 358-59 (citing *United States v. Thomas,* 348 F.3d 78, 82 (5th Cir.2003)).

[2]  *U.S. v. Cardenas,* 9 F.3d 1139, 1157 (citing *United States v. Espinoza-Seanez,* 862 F.2d 526, 537 (5th Cir.1988)).

be "inferred from a 'collection of circumstances.' "[3] "Mere presence or association alone, however, [is] not sufficient to prove participation in a conspiracy."[4]   "Likewise, 'the government may not prove up a conspiracy merely by presenting evidence placing the defendant in a climate of activity that reeks of something foul.' "[5] "Nevertheless, a court may consider a defendant's presence or association with a conspiracy as evidence of participation along with other circumstantial evidence."[6]

Where, as here, a defendant objected to the sufficiency of the evidence at the trial level, the well-established standard of review is whether a reasonable jury could find that the evidence establishes the guilt of the defendant beyond a reasonable doubt.[7] We view the evidence in the light most favorable to the government and give the government the benefit of all reasonable inferences and credibility choices.[8]

Williams challenges the sufficiency of the evidence in five areas:

1)   The defendant argues that the evidence of a conspiracy is insufficient because:

   a)   Co-defendant testimony in this case included evidence that David Williams was

---

[3]   *Id.* (quoting *United States v. Espinoza-Seanez,* 862 F.2d at 537; *United States v. Vergara,* 687 F.2d 57, 61 (5th Cir.1982); *United States v. Marx,* 635 F.2d 436, 439 (5th Cir. Jan.1981)).

[4]   *United States v. Turner,* 319 F.3d 716, 721 (5th Cir.2003) (citing *United States v. Bermea,* 30 F.3d 1539, 1551 (5th Cir.1994)).

[5]   *United States v. Mendoza,* 226 F.3d 340, 343 (5th Cir.2000) (quoting *United States v. Maltos,* 985 F.2d 743, 746 (5th Cir.1992) (internal quotation marks omitted)).

[6]   *Id.* (citing *Cardenas,* 9 F.3d at 1157); *U.S. v. Fuchs,* 467 F.3d 889, 908 (C.A.5 (Tex.), 2006).

[7]   *United States v. Menesses,* 962 F.2d 420, 426 (5th Cir. 1992).

[8]   *United States v. Harvard,* 103 F.3d 412, 421 (5th Cir. 1997).

excluded by his brother from the conspiracy;

b)   Williams's own statement indicates that he withdrew from any drug dealing and urged his brother Corbie to do so, also;

c)   There is no credible evidence of an agreement or joint undertaking between David and Corbie Williams; and

d)   There is no credible evidence that any drug activities by David Williams were in any way connected to drug activities by Corbie Williams's conspiracy.

2)   There was insufficient evidence of the quantity of methamphetamine involved in the Corbie Williams conspiracy because:

a)   The anecdotal testimony of co-defendants was not exclusively about drug dealing in the Corbie Williams enterprise and it included activity independently undertaken by individual co-defendants; and

b)   Witness testimony was given under circumstances casting doubt on the accuracy and veracity of any quantity evidence to the extent that "no reasonable juror would have considered proof in this case sufficient to amount to proof beyond a reasonable doubt."[9]

3)   Evidence introduced consisting of audio recordings of David Williams during transportation by Jasper County authorities was more prejudicial than probative;

4)   The audio tape of David Williams during transport by Jasper County authorities was inadmissible because David Williams was not in lawful custody at the time of giving the statement, because there was neither probable cause nor a valid arrest warrant at that time; and

5)   Telephone tapes of David and Corbie Williams saying that authorities could not "tie people togther" were more prejudicial than probative.

The court will not discuss the admissibility of the tapes again in this motion.  These tapes were the subject of numerous pretrial hearings and the court's rulings that they are admissible have not changed.

The evidence introduced by the government was sufficient to establish both the existence of the conspiracy and that amount of drugs in the conspiracy.

Robert Lance testified that he traveled to the Dallas area to pick up methamphetamine for

---

[9]   Defendant's motion, p.2.

3

Corbie Williams. When he had to wait in Dallas, he would go to the defendant's house. Lance testified that David Williams knew that he was in Dallas to pick up drugs for Corbie. Lance also testified that on another occasion Corbie instructed him to give David 1/4 pound of methamphetamine, which he did.

Heath Johnson testified that he accompanied the defendant's daughter from the Arlington area with methamphetamine that David Williams had placed in the trunk of the car and that once they arrived at a little store/gas station in east Texas, the defendant, who had traveled in a separate vehicle, removed it from the trunk and gave it to another individual (McLaughlin).

The evidence of the conspiracy, and the defendant's involvement in that conspiracy, is further established by the defendant's own statement to Task Force Agents when he was in jail in Jasper, Texas. The defendant stated that he brought methamphetamine on one occasion to his brother.

There was testimony that David Williams attempted to acquire methamphetamine from Travis Roper and Jason Cortez, but his money was "ripped" and no drugs were acquired.

The defendant obtained methamphetamine on one occasion from Justin Falls.

The government argues that evidence established that all of David Williams's dealings, whether to acquire or distribute methamphetamine, were done with the assistance of Corbie Williams's "mules", who the defendant knew transported methamphetamine for Corbie.

The only evidence that David Williams ever withdrew from the conspiracy was his own statement when he knew that he was being taped. Although one witness testified that, at some point in time, David and Corbie were at odds, there was no testimony at trial that David withdrew from the conspiracy. A defendant is presumed to continue involvement in a conspiracy unless that defendant makes a " 'substantial' affirmative showing of withdrawal, abandonment, or defeat of the

4

conspiratorial purpose."[10] Indeed, "[a] member of a conspiracy continues to be responsible for acts committed by coconspirators even after the former's arrest unless he has withdrawn from the conspiracy."[11] To withdraw from a conspiracy, a defendant bears the burden of demonstrating that he has committed "[a]ffirmative acts inconsistent with the object of the conspiracy [that are] communicated in a manner reasonably calculated to reach conspirators."[12]

All of the witnesses testified about the amount of methamphetamine they were either buying or selling. The verdict form asked the jury if the government had proven over 500 grams of methamphetamine. The guilty verdict demonstrates that the jury believed this amount had been established. In fact, the government asserts that it actually proved over 1,000 grams through admitted testimony.

Accordingly, the court finds that the evidence introduced by the government was sufficient to support the conviction. The defendant's Motion for a New Trial/Judgment of Acquittal will be denied.

Lake Charles, Louisiana, this __8__ day of February, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[10]     *United States v. Branch,* 850 F.2d 1080, 1082 (5th Cir.1988) (citation omitted), *cert. denied,* 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed.2d 806 (1989).

[11]     *United States v. Killian,* 639 F.2d 206, 209 (5th Cir.) (citations omitted), *cert. denied,* 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981).

[12]     *United States v. U.S. Gypsum Co.,* 438 U.S. 422, 464, 98 S.Ct. 2864, 2887, 57 L.Ed.2d 854 (1978); *Killian,* 639 F.2d at 209.