RECEIVED
IN LAKE CHARLES, LA

APR 19 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20098-0 2 |
| VS. | : | JUDGE MINALDI |
| DAVID O. WILLIAMS | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence report ("PSR") prepared by the Probation Department. Many of these objections are factual and do not affect the guideline computation. Only those objections directly impacting the guideline computation will be addressed herein.

The defendant "objects to all hearsay and recitations unproven before the jury in this case, and all claims of conduct based upon reports or other information not subject to jury findings as immaterial, irrelevant and in violation of Due Process and the Right to Trial By Jury." This is a sweeping objection. The defendant makes no effort to isolate what portions of the PSR he believes are "hearsay and recitations unproven before the jury in this case."

The offense conduct in the PSR is based on investigative reports. The PSR holds the defendant accountable for 808.475 grams of methamphetamine and 28.35 grams of cocaine. The jury found the defendant guilty of Conspiracy to Possess with Intent to Distribute over 500 grams of methamphetamine. The base offense level of 32 applies to both amounts. This base offense level applies to any amount of methamphetamine over 500 grams, but less than 1.5 kilograms. The base

offense level will remain unchanged.  This objection is OVERRULED.[1]

The defendant objects to ¶¶ 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38 because they refer to criminal cases in which the offense reports were unavailable.  These were convictions between 1965 and 1978.  No criminal history points were assigned because of the age of these convictions.  Offense reports are not required as it is the conviction and length of the sentence that is relevant to the guideline computation.  Because these convictions were not assigned points, no ruling is required.

The defendant objects to the assignment of a criminal history point in ¶ 39 for Failure to Purchase a Tax Stamp.  This objection does not impact the guideline computation as the remaining two offenses establish the criminal history category.

The defendant objects to the inclusion of the criminal offenses in ¶¶40, 41, 46 and 47 because no offense report is available.  Criminal history points are determined by the length of the sentence imposed.  An offense report is not required.  In this case, three points were assigned to each conviction because the sentence exceeded one year and one month.    These objections are OVERRULED.

The defendant objects to the inclusion of the criminal offenses in ¶¶42, 43, 44 and 45 because no offense report is available.  Criminal history points are determined by the length of the sentence imposed.  An offense report is not required.  In this case, two points and one point were assigned to these convictions because of the respective length of the sentences.  These objections are OVERRULED.

The defendant objects to inclusion of his arrest record (¶¶ 51-84).  The PSR may include the

---

[1]        Objections 5, 12, and 13  would not change  the guideline computation for the same reason.

defendant's arrest history.   No points were assigned and this does not affect the guideline computation. This objection is OVERRULED.

The defendant argues that his criminal history score is overstated and that several of his offenses should have been consolidated pursuant to §4A1.2.   The Sentencing Guidelines provide that, in assessing a defendant's criminal history points, "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a),(b), and (c)." U.S.S.G. § 4A1.2(a)(2). The commentary to the U.S.S.G. § 4A1.2 defines "related cases" as follows:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan or (C) were consolidated for trial or sentencing.

> U.S.S.G. § 4A1.2, cmt. n. 3.

In the instant case the offenses[2] were not related the offenses were separated by intervening arrests.  *See* § 4A1.2, comment .(n.3); *see also U.S. v. Hernandez-Antonio,* 2006 WL 3794334, *1 (C.A.5 (Tex. (C.A.5 (Tex.),2006); *United States v. Hunter,* 323 F.2d 1314, 1322-23 (11th Cir.2003). This objection IS OVERRULED.

Lake Charles, Louisiana, this ____ day of April, 2007.

PATRICIA MINALDI
UNITED   STATES   DISTRICT   JUDGE

---

[2]         ¶¶40, 41; ¶¶42, 43; ¶¶44, 45; ¶¶46, 47

3