RECEIVED
IN LAKE CHARLES, LA.

MAR 29 2011

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20098-002 |
| VS. | : | JUDGE MINALDI |
| DAVID O. WILLIAMS | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a Motion to Toll (Rec. Doc. 514) the running of the statute of limitations as to the 28 U.S.C. § 2255 petition from August 17, 2010 until January 15, 2011 and a Motion to Vacate, Set Aside or Correct Sentence (Rec. Doc. 520) pursuant to 28 U.S.C. §2255 filed by the defendant, David O. Williams ("Williams").

PROCEDURAL HISTORY[1]

On July 14, 2004, a federal grand jury returned a one-count indictment charging the defendant along with seven other defendants with one count of conspiracy to possess with intent to distribute methamphetamine. (Rec. Doc. 1). On July 23, 2004, David Brian Green was appointed to represent the defendant. (Rec. Doc. 26). Two motions entitled "Motion to Enter as Co-counsel" were filed by the defendant and were denied by the Court. (Rec. Docs. 71- 73, 77).

On August 1, 2005, the defendant filed an amended motion for authority to enter as co-counsel or pro se. (Rec. Doc. 198). The Court denied that motion. (Rec. Doc. 212).

On December 29, 2005, David Green, who was representing the defendant, filed a motion

---

[1] As summarized by the Government.

to withdraw as counsel for the defendant, since he had recently obtained a position with the District Attorney's Office. That motion was granted on January 6, 2006. (Rec. Docs. 253, 257). Andrew Casanave was appointed to represent the defendant. (Rec. Docs. 268. 271).

On July 25, 2006, the attorney representing the defendant filed a motion for the defendant to enroll as co-counsel or to appear pro se. (Rec. Doc. 303). On July 26, 2006, the defendant filed a pro se motion to appoint new counsel. (Rec. Doc. 314). On July 29, 2006, a motion to withdraw was also filed. (Rec. Doc. 317). On July 31, 2006, a hearing was held on those motions, and the motion to appoint counsel was denied. The motion to withdraw was granted, and the Court indicated that it would appoint new counsel to represent the defendant and ordered that the new attorney visit the defendant within 72 hours of the appointment. (Rec. Doc. 320). On August 8, 2006, G. Paul Marx filed a motion to enroll as counsel for the defendant which was granted. (Rec. Docs. 329-330).

On January 10, 2007, after three days of a jury trial, the defendant was found guilty as charged. (Rec. Doc. 363). On April 19, 2007, the defendant was sentenced to 260 months imprisonment with credit for time served. The defendant had filed a pro se notice of appeal and requested that Marx continue to represent him on appeal. The court appointed Marx to represent the defendant on appeal, and Marx adopted the pro se notice of appeal. (Rec. Doc. 396).

On August 16, 2007, the defendant filed a pro se motion for recusal of the appeal attorney, Marx, and requested the appointment of a new attorney for the purposes of appeal. (Rec. Doc. 405). The district court denied that motion. (Rec. Doc. 406). On September 4, 2007, the attorney, Marx, filed a motion to withdraw as counsel of record. (Rec. Doc. 411). That motion was granted on September 24, 2007. (Rec. Doc. 416). On October 10, 2007, the Federal Public Defender's Office indicated that Christopher Aberle had agreed to accept the appointment to represent David O.

Williams on his appeal proceedings. (Rec. Doc. 417).

On April 2, 2009, entered into the district court record was the judgment of the Fifth Circuit affirming the district court's judgment concerning the defendant. (Rec. Doc. 452). On October 29, 2009, a letter from the United States Supreme Court advising that the petition for writ of certiorari had been denied was entered into the district court record. This letter, dated October 5, 2009, was entered into the district court record on November 2, 2009. (Rec. Doc. 459).

On September 29, 2010, the defendant filed for a motion for extension of time to file a §2255 motion. (Rec. Doc. 500). The Court dismissed that motion on October 13, 2010. (Rec. Doc. 501). On January 8, 2011, the defendant filed a motion to toll the running of the statute of limitations as to the 28 U.S.C. § 2255 petition from August 17, 2010 until January 15, 2011. (Rec. Doc. 514). On that date he also filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Rec. Doc. 515).

## FACTS

This case, which resulted from a multi-agency investigation involving law enforcement entities in both Louisiana and Texas, dealt with the role played by David Williams in a methamphetamine distribution conspiracy headed by his brother and former co-defendant, Corbie Lynn Williams.

## LAW

The statute governing § 2255 motions establishes a one-year period of limitation for the filing of such motions. 28 U.S.C. § 2255(f). In Williams's case, that period began to run when the Supreme Court denied certiorari, October 5, 2009. Rec. Doc. 459). Accordingly, he had until October 5,

2010, to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(1) (providing that the one-year limitation period starts on the date the conviction becomes final); *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir.2000) (holding that conviction became final when Supreme Court denied certiorari).

Williams argues that his unsuccessful efforts to mail his habeas petition through his prison mail room prior to the expiration of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), *see* 28 U.S.C. § 2244(d), entitle him to the benefits of the mailbox rule or equitable tolling of the statute of limitations; and therefore, we should treat his petition as having been timely filed.[2]

Williams claims that on September 17, 2010, he was told by his son that his § 2255 motion had not been filed. On November 1, 2010, he was transferred to the federal facility in Lompoc, California. After numerous requests from prison authorities, on December 17, 2010, he received the legal documents including the § 2255 motion which he asserts he had mailed.

*Pro se* prisoners' filings are governed by the mailbox rule. Thus, they are deemed "filed as soon as the pleadings have been deposited into the prison mail system." *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir.1998) (citing *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) and *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995)). The prisoner has the burden of proving that he submitted his action for mailing before the filing deadline. *Price v. Philpot*, 420 F.3d

---

[2] The defendant claims that while he was incarcerated at FCI Victorville (located in Adelanto, California), he prepared a § 2255 motion which he attempted to mail on August 17, 2010. He alleges that the motion was in a "postage pre-paid envelope." The defendant does not present any documentation to support his assertion that, "[t]he standard procedure for mailing articles was to sit large articles on the mail box lid and notify the officer that he had done so." He alleges that he placed the package on the mailbox lid and asked Officer Rebelez to make sure the package was mailed. (Defendant's Declaration, Rec. Doc. 514, p. 6). He then asserts that on that same day he was placed in "administration segregation," and all his legal material was seized.

1158, 1165 (10th Cir.2005). As noted by the Government, the mailbox rule "[does] not relieve a prisoner of the responsibility of doing all that he can reasonably do to ensure that documents are received by the clerk of court in a timely manner." *Medley v. Thaler*, 2010 WL 4459836, 3 (5th Cir. 2010); *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir.1994) (quoting *Thompson v. Raspberry*, 993 F.2d 513, 514 (5th Cir.1993)) (internal quotation marks omitted).

The Government argues that Williams did not follow the Bureau of Prison guidelines for the handling of legal mail and, thus, is not entitled to the benefits of the mailbox rule. In the "Inmate Requests to Staff" which the defendant attached to the motion, he mentioned the procedure he followed. (Rec. Doc. 514, pp. 1-4). However, he does not attach any of the responses by the staff to his request which could have possibly described the appropriate procedure for handling of legal mail in that particular facility.

The handling of inmate mail by the Bureau of Prisons is described at 28 C.F.R. § 540.10-540.25. The Program Statement of the Federal Bureau of Prisons entitled Correspondence (PS 5265.11) which incorporates the above-cited regulations and the Program Statement of the Federal Bureau of Prisons entitled Mail Management Manual (PS 5800.10) also describe the policy for handling inmate mail. The regulations and Program Statements indicate that inmate mail is divided into two categories, general correspondence and special/legal mail. 28 C.F.R. § 540.2. "Special mail" includes correspondence sent to the U.S. Courts. 28 C.F.R. § 540.2 (c).

According to the regulations, a warden "shall establish at least one mail depository within the institution for an inmate to place outgoing correspondence." A warden "may establish a separate mail depository for outgoing special mail." 28 C.F.R. §540.11. All outgoing special mail shall be

stamped by prison officials as follows:

> d. Except for special mail processed in accordance with paragraph (c)(2)1 of this section, staff shall stamp the following statement directly on the back side of the inmate's outgoing special mail:
>
> > "The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address."

28 C.F.R. § 540.18(d).

There is nothing in the record to establish that Williams complied with established prison mail procedures. Accordingly, Williams's § 2255 motion, which was filed on January 18, 2011, is untimely unless equitable tolling applies.

"The one-year limitations period of [§ 2255(f)] is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling." *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). "Equitable tolling is permissible only in 'rare and exceptional circumstances.'" *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998)). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *United States v. Kirkham*, 367 Fed.App'x. 539, 541, 2010 WL 667439, 1 (5th Cir. 2010); *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

The Government argues that Williams did not diligently pursue his relief to be entitled to equitable tolling. The Government asserts that "even if" all his legal documents were seized on August 17, 2010, the defendant had until October of 2010 to prepare a new motion. He could have timely filed a § 2255 motion in October and then filed an amendment to the § 2255. Further, "even if" the defendant's allegation concerning the attempted mailing of the motion were true, the defendant was aware by September 17, 2010, when he spoke to his son, that a motion had not been filed. Again, he had sufficient time to prepare and mail another draft, regardless of how rough, which he could later amend.

The court agrees that, whatever happened to the August 17, 2010, copy of the §2255 motion, Williams had adequate opportunity to prepare and file a timely motion prior to the one year statute of limitations expiring. Accordingly, this court concludes that Williams's failure to timely mail his petition through his prison mail room resulted from his failure to comply with a reasonable prison regulation and that he is therefore entitled to neither the benefit of the mailbox rule nor equitable tolling. The defendant's §2255 motion will be denied as untimely. Furthermore, his motion for a hearing, his "Motion to File Relation Back Supplement" (Rec. Doc. 519), and his Motion to Toll (Rec. Doc. 514) the running of the statute of limitations will also be denied.

Lake Charles, Louisiana, this 29 day of March, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE